## TAYLOR vs. CURTIS.

APPEAL from the court of the sixth district.

A man's solvency cannot be better tested than by the return of an execution against him, on which no property can be found.

PORTER, J. delivered the opinion of the court. The defendant transferred to the plaintiff, part of a judgment, which he had recovered against one A. J. Davis, with an express warranty of his solvency; the money not being made on execution, this action has been brought against the defendant as transferror and the only question presented for decision is whether it has been shown that Davis was insolvent.

The transfer bears date the 22d. November, 1822. On the 17th January, 1823 the plaintiff issued execution against Davis on the judgment, and on this execution only sixty dollars could be made which the defendant received. On the 22d of the month last mentioned, Davis presented his bilan and prayed for a meeting of his creditors in order that he might make them a cession of his goods: and shortly after died.

In addition to this evidence, parol testimony was introduced to shew that Davis was insolvent, and that every thing he had was mortgaged for other debts.

We think the plaintiff is entitled to recover. The defendant, in warranting the solvency of Davis, warranted his ability to pay, and this ability could not have been better tested, than by the application of an execution, which proved unavailing. The defendant has contended that Davis was not insolvent, because the schedule filed by him shews that he had property and debts to a larger amount than that which he owed. There are few insolvent debtors, who do not present such statements, and there are few of those statements that do not prove delusive; but whether that relied on

here, would have been an exception to the general rule, we deem immaterial in settling the present question. It was not the understanding of the parties, nor is it our understanding of the law, on such a contract as this, that the transferee is to await the settlement of an insolvent's estate, before he can have recourse on his transferror. The evident meaning of the agreement was, that Davis was able to pay the debt in due course of law, and that the means of compelling him should have been resorted to. The obligations of sureties, who contract in the ordinary way, furnish a fair analogy for ascertaining the right of the parties, now before us. They, like the defendant, agree that the person, for whom they bind themselves, is solvent, and that he will pay the debts he has contracted, and they can require his property should be discussed, before recourse is had on them; but they cannot compel the creditor to do so, when that property is in litigation, or the debtor has sued to make a cession of his goods. On the whole, we think, that the plaintiff, on his failing to make the money out of the debtor by due course of law, had a right to sue the defendant on his warranty.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annuled, avoided and reversed, that the plaintiff do receover of the defendant $700, with interest thereon, at 5 per cent. from the 25th of November, 1822 until paid, and costs of suit in both courts.

*Bullard* for the the plaintiff, *Thomas* for the defendant.